| | |
|---|---|
| OMAR RITTER,<br><br>**Plaintiff,**<br><br>v.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>**Defendant.** | <u>**MEMORANDUM AND ORDER**</u> |

**THIS MATTER** is before the Court on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss or, in the Alternative, Motion to Set Aside Entry of Default (Doc. No. 10) and Plaintiff Omar Ritter's Motion for Default Judgment (Doc. No. 7). The Court has carefully considered these motions, and the parties' briefs and exhibits in support and opposition. For the reasons discussed below, the Court will **GRANT** Defendant's Motion to Set Aside Entry of Default and **DENY** Defendant's Motion to Dismiss and Plaintiff's Motion for Default Judgment.

## I.     FACTS AND PROCEDURAL HISTORY

Pro se plaintiff Omar Ritter is a former employee of Defendant Wells Fargo. *See* Doc. No. 1. After he was laid off in 2025, Ritter filed the present action in June 2026, alleging numerous employment discrimination related claims against Wells Fargo. *Id.* On June 29, 2026, Wells Fargo was served with the summons. *See* Doc. No. 4. After Wells Fargo failed to timely file an Answer, Ritter moved for an entry of default. *See* Doc. No. 6. After the entry of default was granted, Ritter moved for default judgment. Doc. No. 7. Approximately one week later, Wells Fargo made an appearance and moved to dismiss the matter for improper service, or in the alternative, to set aside

1

the entry of default. Doc. No. 10. Ritter has filed a Response, and the matter is now ripe for this Court's review.

## II.     DISCUSSION

Federal Rule of Civil Procedure 4(h)(1)(B) authorizes service on a corporation by delivering the summons and the complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4 also requires that both the summons and complaint be served. Fed. R. Civ. Pro. 4(c)(1).

A motion to dismiss under Rule 12(b)(5) challenges the sufficiency of service of process, which is "fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Absent waiver of service of process or consent, a plaintiff's failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). A plaintiff has the burden to show that he effected service of process properly and that the court has personal jurisdiction over all defendants. *See Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (unpublished).

"[T]he real purpose of service of process is to give notice to the defendant, and mere technicalities should not stand in the way of consideration of a case on its merits." *Id.* at 304 (brackets, internal citations, and quotation marks omitted). "Actual notice, however, is not the controlling standard." *Id.* (quoting *Mining Energy, Inc. v. Dir., Office of Workers' Comp. Programs*, 391 F.3d 571, 576 (4th Cir. 2004)). Although courts typically liberally construe rules governing service of process when the defendant receives actual notice, the rules "are there to be followed, and plain requirements ... may not be ignored." *Id.* (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

In addition, courts in this circuit have recognized that "as a prerequisite to the entry of default, the party against whom default is entered must have been properly served with process and the court must have subject matter jurisdiction over the dispute." *Rodriguez v. Irwin*, No. 7:10-CV-102-FL, 2011 WL 737316, at *7 (E.D.N.C. Feb. 23, 2011) (citations omitted). *See also Harbison v. Virginia,* No. 3:10CV297, 2010 WL 3655980, at *10 (E.D. Va. Aug. 11, 2010) ("Because the Defendants were not properly served, the Clerk's entry of default must be set aside.") *report and recommendation adopted sub nom. Harbison v. Commonwealth of Va. ex rel. Cuccinelli,* No. 3:10CV297, 2010 WL 3655977 (E.D. Va. Sept. 10, 2010) *aff'd sub nom. Harbison v. Cuccinelli,* 413 F. App'x 626 (4th Cir. 2011).

Wells Fargo contends that service was improper because Ritter failed to include a copy of the complaint with the summons and mistakenly identified Wells Fargo as the plaintiff in the caption. *See* Doc. No. 10-1 at 6–7. Although Ritter asserts that he did serve the complaint with the summons, Doc. No. 11 at 1, the Proof of Service filed with the Court states only that "I delivered the documents, SUMMONS IN A CIVIL ACTION, to Lilly Frazier who identified themselves as the person authorized to accept [service]." Doc. No. 4 at 1.

On this record, the Court concludes that it is at least as likely as not that Ritter did not serve the complaint with the summons. Nevertheless, Ritter's efforts (though imperfect) reflect a good faith attempt to comply with Rule 4. Accordingly, Wells Fargo's Motion to Dismiss will be **DENIED** without prejudice. Further, because proper service is a prerequisite to the entry of default, and because the Court cannot conclude that service was properly effected, the Clerk's entry of default cannot stand. The Court will therefore **GRANT** Wells Fargo's Motion to Set Aside Entry of Default and will **DENY** Ritter's Motion for Default Judgment as moot.

The Parties are directed to meet and confer no later than August 11, 2026, to determine whether they can agree that service has now been completed, given that Ritter has already served the summons and Wells Fargo has now entered an appearance in the matter. If the Parties cannot reach agreement, Ritter will have 30 days from August 11, 2026, to complete service and file proof thereof with the Court.

### III.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.  Defendant's Motion to Dismiss (Doc. No. 10) is **DENIED**;

2.  Defendant's alternative Motion to Set Aside Entry of Default (Doc. No. 10) is **GRANTED**;

3.  Plaintiff's Motion for Default Judgment (Doc. No. 7) is **DENIED** as moot; and

4.  The Parties are directed to meet and confer no later than August 11, 2026, to determine whether they can agree that service has now been completed. If the Parties cannot reach agreement, Plaintiff will have 30 days from August 11, 2026, to complete service and file proof thereof with the Court.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 4, 2026

Kenneth D. Bell
United States District Judge

4